O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00714-CAS - 1 |
| Plaintiff, | **ORDER** |
| v. | |
| AXEL FERNANDO GALVEZ, | |
| Defendant. | |

Presently before the Court is petitioner Axel Galvez's ("Galvez") "Motion for a Judicial Recommendation for Extended Placement in a Residential Reentry Center/Halfway House Pursuant to the Second Chance Act of 2007." Dkt. 57 ("Mot."). The government filed an opposition on November 18, 2019. Dkt. 58 ("Opp."). Galvez filed a reply on December 30, 2019. Dkt. 61 ("Reply").

On November 28, 2017, Galvez agreed to plead guilty to two criminal counts related to the unlawful manufacturing and dealing of firearms in violation of 18 U.S.C. § 922(a)(1)(A) and 18 U.S.C. § 924(a)(1)(D). Dkt. 17. On March 12, 2018, the Court sentenced Galvez to a term of 46 months imprisonment, to be followed by 3 years of supervised release. Dkt. 48. The Court recommended "that [Galvez] be designated to a

facility in Southern California, or as close thereto as possible." Dkt. 48. Galvez currently resides at the Federal Correction Institution in Lompoc, California. Mot. at 2.

Galvez contends that, pursuant to 18 U.S.C. § 3624, the Bureau of Prisons ("BOP") is required to evaluate inmates for Residential Reentry Center ("RRC") placement near the end of their sentences to prepare prisoners for reentry into the community. Reply at 5. Accordingly, Galvez seeks "a non-binding, advisory judicial recommendation to the BOP requesting that 12 months prior to his release, [Galvez] be considered for placement into an RRC, which would best provide for his successful transition and return back into his community." Id.

In response, the government contends that "[i]t is not even clear that the Court retains jurisdiction to change its recommendation regarding [Galvez's] place of imprisonment." Opp. at 2. According to the government, the Court should "instead permit the Bureau of Prisons, with its superior knowledge of [Galvez's] history while incarcerated and the available housing options, to determine independently where [Galvez] should be housed." Id. at 4.

As a preliminary matter, the Court notes that "the issuance of non-binding recommendations to the BOP is separate and apart from the judgment, and thus does not constitute an amendment or modification of sentence for which the court may lack jurisdiction." United States v. Hoffman, No. 2:15-cr-00234-JAM-1, 2018 WL 6634378, at *2 (E.D. Cal. Dec. 19, 2018). As such, several courts have concluded that courts have "*discretion* to make recommendations regarding RRC placement post-sentencing[.]" United States v. Costa, No. 1:11-cr-0026-LJO-SAB, 2018 WL 1418352, at *1 (E.D. Cal. Mar. 22, 2018) (emphasis added).

At this juncture, however, and in exercise of its discretion, the Court declines to issue a recommendation to the BOP because the BOP "has more recent information about [Galvez], knowledge of its own facilities and availability, and the institutional expertise to decide the best placement." United States v. Medina, No. 13-cr-112-BLG-SPW, 2017 WL 5505795, at *1 (D. Mont. Nov. 16, 2017). To the extent that the BOP determines that

-2-

Galvez is ineligible for placement at an RRC, Galvez is free to renew his request for a non-binding advisory judicial recommendation from the Court that Galvez be placed at an RRC for the year preceding his release.

For the foregoing reasons, the Court **DENIES** Galvez's motion **without prejudice**.

**IT IS SO ORDERED.**

DATED: January 24, 2020

*Christina A. Snyder*

CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE